IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               No. 19-10050-JWB-KGG

MONTE ALFORD,

        Defendant.


**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for review of a detention order. (Doc. 12.)  The court held a hearing on the motion on March 25, 2019.  Defendant's motion is DENIED for the reasons stated herein.

## I. Procedural History

Defendant was initially charged by criminal complaint.  (Doc. 1.)  The affidavit accompanying the complaint set forth facts alleging that Defendant was found in constructive possession of controlled substances and firearms during a search on December 18, 2018.  (Doc. 1 at 3-4.)

Judge Gale conducted a detention hearing on March 8, 2019.  He issued an order the same day finding that a rebuttable presumption of detention arose under 18 U.S.C. § 3142(e)(3)(A), that Defendant had not rebutted the presumption, that the factors in § 3142(g) weighed in favor of detention, and that Defendant's release would pose a danger to the community.  (Doc. 8) A ten-count indictment was filed against Defendant on March 13, 2019.  (Doc. 9.)  On March 29, 2019, Defendant filed the instant motion for review of the detention order.  (Doc. 12.)

At the hearing before this court on March 25, 2019, the government made a proffer of facts relating to officers' search of Defendant's residence on December 18, 2018, as well as additional facts relating to two traffic stops in which Defendant was allegedly found in constructive possession of drugs and/or firearms. The government argued that Defendant's release would pose a danger to the community. The government waived any argument that Defendant would pose a flight risk if released.

## II. Legal Standard

If a person is ordered detained by a magistrate judge, the person may file a motion for amendment or revocation of the order. 18 U.S.C. § 3145(b). The district court's review of a magistrate judge's order of detention or release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, et seq. *See* 18 U.S.C. § 3142(e)(3)(A); *see also United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community"). The rebuttable presumption also arises if there is probable cause to believe the person committed an offense under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3)(B).

"A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this

case charges Defendant with offenses which carry a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, as well as two offenses under § 924(c), and thus raises the rebuttable presumptions of risk of flight and danger to the community. *Id.*

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *Stricklin*, 932 F.2d at 1354-55. Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision. *Id.* The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with the government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id.* at 1252. *See United States v. Slayden*, No. 17-10154-JWB, 2018 WL 2388908, at *1–2 (D. Kan. May 25, 2018).

**III. Analysis**

A. *Nature and circumstances of the offense*

The indictment charges Defendant with ten counts: two counts of possession with intent to distribute 50 grams or more of a mixture containing methamphetamine (21 U.S.C. § 841(a) & (b)(1)(A) and (b)(1)(B)); one count of possession with intent to distribute heroin (21 U.S.C. § 841(a) & (b)(1)(C)); two counts of possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)); three counts of unlawful possession of a firearm by a convicted felon (18 U.S.C. § 922(g)); and two counts of unlawful possession of a stolen firearm (19 U.S.C. § 922(j)). These drug charges, as well as the § 924(c) counts, give rise to the rebuttable presumption

that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community.  18 U.S.C. § 3142(e)(3)(A) & (B).

The charged offenses are serious and carry substantial penalties.  Additionally, the alleged distribution of significant quantities of dangerous drugs, combined with possession of firearms as asserted in the indictment, are activities that are inherently dangerous to the community.  *Slayden,* 2018 WL 2388908, *2.  The court concludes this factor weighs significantly in favor of detention.

B.  *Weight of the evidence*

The government's proffer indicates the evidence against Defendant is strong.  Defendant was allegedly found in constructive possession of drugs, of firearms, ammunition, and items indicative of drug trafficking, on November 14, 2018, and December 18, 2018.  In the November 14th incident, according to the government, a traffic stop was conducted and the car's glove compartment where Defendant was seated was found to contain a firearm, 64 grams of methamphetamine, and 14 grams of heroin.  Defendant had $1,422 in cash on his person.  The driver allegedly denied knowledge of these items and said Defendant had provided her a small quantity of methamphetamine (found in the driver's purse) in exchange for a ride.  In the December 18th incident, according to the government, Defendant was found sleeping with a girlfriend in a bedroom at 723 South Greenwood.  Next to Defendant, officers allegedly found 398 grams of a mixture containing methamphetamine, scales, 2 grams of heroin, a handgun in the pocket of a pair of men's pants, and evidence that Defendant lived at the residence.  Two additional firearms, both of which were reported stolen, were allegedly found in the room, and additional items indicative of drug trafficking were found in other parts of the house.  Additionally, the government proffered that when Defendant was arrested on a federal warrant, he was found in a car in constructive possession of another firearm.  This incident forms the basis of the charge in Count 10 of the

indictment.  In sum, the weight of the evidence on the foregoing charges weighs strongly in favor of detention.

C.  *History and characteristics of Defendant*

As shown by the Probation Office's bond report, Defendant has a significant criminal history, including felony drug convictions in Sedgwick County District Court in 2005, 2012, 2015. He also has a 2014 conviction for felony fleeing and eluding.  Defendant's performance on bond in those matters suggests that imposing conditions of supervision has done little in the past to assure Defendant's compliance or the safety of the community.  Defendant failed to appear or violated the conditions of his supervision multiple times in those state cases.  Additionally, the offenses charged in the instant case were allegedly committed while Defendant was on bond from a felony drug distribution charge in state court, with some of the alleged offenses occurring after Defendant had been convicted on that matter.  Count 10 of the indictment allegedly occurred one month after Defendant was given probation in the state case.

Defendant notes that an inpatient treatment option will be available for him on or around April 23, 2019.  He seeks to be released on bond and allowed to obtain treatment.  He also believes he can obtain a job that he previously held at a local restaurant.  Defendant has tested negative for controlled substances since his release on the above-mentioned state case.  The court has considered these factors under the standards of the Bail Reform Act but finds they do not rebut the presumption of detention in this case.  Defendant's short-term abstention from controlled substances is commendable, as is the indication that he wants to obtain treatment and gainful employment.  But these factors are outweighed by the multitude of contrary factors discussed above.  Defendant's long-standing and continuous association with drug trafficking and firearms,

combined with his demonstrated history of failing to abide by conditions of supervision, show that his history and characteristics weigh strongly in favor of detention.

    D. *Danger to the community*

For reasons previously indicated, the court finds that the trafficking of methamphetamine and heroin, the possession of firearms to further drug trafficking, and the possession of stolen firearms by a convicted felon, as alleged in the indictment, all show that Defendant's release would pose a significant danger to the community. The evidence is clear and convincing that no combinations of release will suffice to assure the safety of the community.

IT IS THEREFORE ORDERED this 27th day of March, 2019, that Defendant's motion for review of detention order (Doc. 12) is DENIED. The order of detention previously entered by Judge Gale remains in effect.

           ___s/ John W. Broomes_____
           JOHN W. BROOMES
           UNITED STATES DISTRICT JUDGE